UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

YAO-YI LIU, TUNG-HUNG HSIEH, and CHIU-PAO TSAI, *Individually and on Behalf of All Others Similarly Situated*,

                Plaintiffs,

vs.                                                6:14-cv-06631 EAW

WILMINGTON TRUST COMPANY, and WILMINGTON TRUST, NATIONAL ASSOCIATION,

                Defendants.

---

### ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT

      WHEREAS, as of August 12, 2022, Plaintiffs Yao-Yi Liu, Tung-Hung Hsieh, and Chiu-Pao Tsai (collectively, "Plaintiffs"), on behalf of themselves and all other members of the proposed Settlement Class (defined below), on the one hand, and Wilmington Trust Company and Wilmington Trust, National Association ("Wilmington" or "Defendants"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-titled litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in the Amended Complaint filed on May 22, 2015 (Dkt. 16), on the merits and with prejudice (the "Settlement"); and

WHEREAS, the Court has reviewed and considered the Stipulation and the accompanying exhibits; and

WHEREAS, the Parties to the Stipulation have consented to the entry of this order; and

WHEREAS, all capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 11th day of October, 2022, that:

1. The Court has reviewed the Stipulation and preliminarily finds, pursuant to Fed. R. Civ. P. 23(e)(1), that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), subject to further consideration at the Settlement Hearing described below.

(a) Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby preliminarily certifies, for the purposes of the Settlement only, the Settlement Class of: all persons and entities who invested in the Bio Profit Scheme and were damaged thereby.  Excluded from the Settlement Class are (i) Defendants; (ii) any person who was an officer or director of Defendants; (iii) any firm or entity in which any Defendants have or had a controlling interest; (iv) the parents or subsidiaries of Defendants; (v) the legal representatives, agents, heirs, beneficiaries, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such; and (vi) any persons or entities who or which exclude themselves by submitting a valid request for exclusion in accordance with the requirements set forth below and in the Notice.

2. The Court finds and preliminarily concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedures have been satisfied for the Settlement Class defined herein and for the purposes of the Settlement only, in that:

    (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

    (b) there are questions of law and fact common to the Settlement Class Members;

    (c) the claims of Class Representatives are typical of the Settlement Class's claims;

    (d) Class Representatives and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

    (e) the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

    (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Yao-Yi Liu, Tung-Hung Hsieh, and Chiu-Pao Tsai are preliminarily certified as Class Representatives for the Settlement Class. The law firm of Rosca Scarlato, LLC is preliminarily appointed Class Counsel for the Settlement Class.

4.     A hearing (the "Settlement Hearing"), pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, is hereby scheduled to be held before the Court, at the Kenneth B. Keating Federal Building, 100 State Street, Rochester, NY 14614, in Courtroom 3, on January 11, 2023, at 2:00 p.m. for the following purposes:

(a)     to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(b)     to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether the release by the Settlement Class of the Released Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

(c)     to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified; whether Plaintiffs should be finally certified as Class Representatives for the Settlement Class; and whether the law firm of Rosca Scarlato, LLC should be finally appointed as Class Counsel for the Settlement Class;

(d)     to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e)     to consider Class Counsel's application for an award of attorneys' fees and expenses ("Fee and Expense Application") (which may include an application

for a Service Award to Class Representatives in connection with their efforts representing the interests of the Class); and

     (f) to rule upon such other matters as the Court may deem appropriate.

5. The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class of any kind. The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it will approve the proposed Plan of Allocation or award attorneys' fees and/or expenses, or a Service Award. The Court may also adjourn the Settlement Hearing or modify any of the dates herein without further notice to members of the Settlement Class.

6. The Court approves the form, substance and requirements of the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and the Proof of Claim and Release form ("Proof of Claim"), substantially in the forms submitted to the Court at Dkt. 239-1.

7. The Court approves the retention of Strategic Claims Services as the Claims Administrator. The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first-class mail, postage prepaid, on or before thirty (30) days after entry of this Preliminary Approval Order ("Notice Date"), to all Settlement Class Members who can be identified with reasonable effort.

8. The Claims Administrator shall use reasonable efforts to give notice to the brokerage firm or firms through which the investments in the Bio Profit Funds were sold.

     (a) Such nominees SHALL EITHER: (i) WITHIN TEN (10) CALENDAR DAYS of receipt of the Notice, request from the Claims Administrator

sufficient copies of the Notice to forward to all such beneficial owners and WITHIN TEN (10) CALENDAR DAYS of receipt of those Notices from the Claims Administrator forward them to all such beneficial owners; or (ii) WITHIN TEN (10) CALENDAR DAYS of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Notice promptly to such identified beneficial owners.

(b) Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available.

(c) Nominees who elect to send the Notice to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action.

(d) Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable out-of-pocket expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. The Claims Administrator shall, if requested, reimburse nominees out of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners in an amount not to exceed $0.05 plus postage at the current pre-sort rate used by the Claims Administrator per Notice Packet mailed; or $0.05 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator. Any disputes as to the

reasonableness or documentation of expenses incurred will be subject to review by the Court.

9. Class Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

10. The Court approves the form of the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Summary Notice") substantially in the form submitted to the Court at Dkt. 239-1, and directs that Class Counsel shall cause the Summary Notice be transmitted over an international news wire within thirty (30) days of the Notice Date. Class Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

11. The form and content of the notice program described herein, and the methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, and due process; constitute the best notice practicable under the circumstances; and shall constitute due and sufficient notice to all persons and entities entitled thereto.

12. In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each claimant shall take the following actions and be subject to the following conditions:

    (a) A properly executed Proof of Claim, substantially in the form submitted to the Court at Dkt. 239-1, must be submitted to the Claims Administrator, as directed in the Notice, no later than seven (7) calendar days before the Settlement Hearing.

Such deadline may be further extended by Court order or by Class Counsel in their discretion. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid). Any Proof of Claim submitted in any other manner, including online using the web-page for the Settlement, or via email shall be deemed to have been submitted when it was actually received by the Claims Administrator. Any Settlement Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court or allowed by Class Counsel, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by paragraph 15 of this Order.

    (b) The Proof of Claim submitted by each claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of subscription agreements, account statements, an authorized statement from the broker containing the transactional information found in the broker's records, or such other documentation as is deemed adequate by the Claims Administrator and/or Class Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his or her current authority to act on behalf of the claimant must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or

modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) As part of the Proof of Claim, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

13. Any Settlement Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If any Settlement Class Member does not enter an appearance, he, she, or it will be represented by Class Counsel.

14. Settlement Class Members shall be bound by all orders, determinations and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A putative Settlement Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the Claims Administrator at the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Such request for exclusion must state the name, address, e-mail, and telephone number of the Person seeking exclusion, must state that the sender requests to be "excluded from the Settlement Class in *Yao-Yi Liu, Tung-Hung Hsieh, and Chiu-Pao Tsai v. Wilmington Trust Company, et al.*, No. 6:14-cv-06631 (W.D.N.Y.)" and must be signed by such Person. Such Persons requesting exclusion are also directed to: (i) state the name, address, e-mail, and telephone number of the person or entity requesting exclusion; (ii) state the amount of each investment in the Bio Profit Funds, as well as the dates and prices of each such investment;

(iii) state the amount received as interest payments for each investment in the Bio Profit Funds, as well as the dates and prices of each interest payment; (iv) the amount of each sale of an investment in the Bio Profit Funds, as well as the dates and prices of each such sale; and (v) be signed by the Person requesting exclusion or an authorized representative. Alternatively, such Persons may submit copies of documentation showing this information. Persons seeking exclusion with large holdings may be required by Class Counsel to submit copies of documentation to the Claims Administrator. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

15. Putative Settlement Class Members requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

16. The Court will consider any Settlement Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such Settlement Class Member has served by hand or by mail his, her or its written objection and supporting papers, such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, upon Class Counsel: Alan Rosca and Paul Scarlato, Rosca Scarlato, LLC, 161 Washington Street, Suite 1025, Conshohocken, PA 19428; and Defendant's Counsel Representative: Melissa N. Subjeck, Hodgson Russ LLP, 140 Pearl Street, Buffalo, NY 14202; and has filed said objections and supporting papers with the Clerk of the Court, United States District Court, 100 State Street, Rochester, NY 14614. Any Settlement Class Member who does not make his, her,

or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, and Service Award unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and other expenses and Service Award are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and Service Award and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

17. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

18. Pending final determination of whether the Settlement should be approved, Class Representatives, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against the Released Defendant Parties.

19. All papers in support of the Settlement, Plan of Allocation, and Class Counsel's request for an award of attorneys' fees and expenses and a Service Award shall be filed with the Court and served on or before 35 calendar days prior to the date set herein

for the Settlement Hearing. If reply papers are necessary, they are to be filed with the Court and served no later than seven calendar days prior to the Settlement Hearing.

20. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No person who is not a Settlement Class Member or Class Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

21. All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

22. Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation or any application for attorney's fees or expenses or Service Award submitted by Class Counsel or Class Representatives, and such matters shall be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

23. If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of August 11, 2022.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:   October 11, 2022
         Rochester, New York